IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **DOMINIC CASTLEBERRY,** § § *Plaintiff*, § § v. § § **JPMORGAN CHASE BANK, N.A.,** § § *Defendant.* § § § | **CIVIL ACTION NO. 4:24-CV-00793** |

**DEFENDANT'S *CORRECTED* MOTION TO STRIKE PLAINTIFF'S EXPERT**

COMES NOW Defendant JPMorgan Chase Bank, N.A. ("Chase"), and files its *Motion to Strike Plaintiff's Expert* ("Motion") and in support thereof respectfully shows the Court the following:

### I.   INTRODUCTION

Pursuant to Federal Rule of Evidence 702, Chase moves to strike the testimony of Plaintiff's proposed expert, Douglas A. Hollon, in its entirety. As demonstrated below, Mr. Hollon's opinions are inadmissible for three independent reasons. First, two of his four opinions—that Chase lacked a "permissible purpose" under the Fair Credit Reporting Act (the "FCRA") and that Chase breached a 2011 settlement agreement—are nothing more than impermissible conclusions of law and therefore exceed the proper scope of expert testimony. Second, even if his opinions were otherwise proper subjects for expert evidence (which they are not), Mr. Hollon is unqualified to offer them: his career has been limited to his knowledge of the internal workings, investigatory processes, and practical operations of consumer-reporting agencies ("CRAs"), and he possesses no experience, training, or specialized knowledge concerning the policies, procedures, or system architecture banks employ when processing applications for new credit card

accounts or documenting credit-report requests. Third, his remaining criticisms of Chase's records and processes rest on speculation unsupported by sufficient facts, reliable methodology, or application of specialized principles, rendering the proffered testimony neither reliable nor relevant to any fact. Because Mr. Hollon's opinions constitute legal argument in disguise, are outside his field of expertise, and fail the reliability and relevance requirements of Rule 702, they will not assist the trier of fact and must be excluded.

## II.     ARGUMENT

### A.     The *Daubert* Standard for Admission of Expert Testimony

The admission of expert evidence is governed by Federal Rule of Evidence 702,[1] as construed by *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). Pursuant to *Daubert*, the Supreme Court requires district courts to assume a "gatekeeping" role to ensure that all expert testimony is both reliable and relevant before being admitted into evidence. *Id.* at 597. Applying the "analytical framework under Rule 702 and *Daubert*, a 'court may admit proffered expert testimony only if the proponent, who bears the burden of proof, demonstrates that (1) the expert is qualified, (2) the evidence is relevant to the suit, and (3) the evidence is reliable.'" *Arnett v. C&S Delivery Servs. LLC*, 2025 U.S. Dist. LEXIS 162435, at *2 (N.D. Tex. 2025) quoting *Galvez v. KLLM Transp. Servs., LLC*, 575 F. Supp. 3d 748, 759 (N.D. Tex. 2021). Expert opinions, however, are "confined to questions of fact, as 'an expert may never render conclusions of law.'" *Reitz v. Woods*, 85 F.4th 780, 788 (5th Cir. 2023) quoting *Goodman v. Harris County*, 571 F.3d

---

[1] A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
    (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
    (b) the testimony is based on sufficient facts or data;
    (c) the testimony is the product of reliable principles and methods; and
    (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.
Fed. R. Evid. 702.

388, 399 (5th Cir. 2009). The proponent of the expert testimony has the burden of satisfying each of the three prongs of the inquiry by a preponderance of proof. *Daubert*, 509 U.S. at 592, n. 10.

> **B.    Mr. Hollon's Expert Opinions Are Conclusions of Law, and Should be Stricken.**

One of Mr. Hollon's expert opinions is that "Chase obtained a consumer report from Experian and TransUnion without a permissible purpose." *See* Exhibit "A," Plaintiff's Expert Witness Report, at page 4. Whether a permissible use occurred is a legal question. *See Bruce v. Bank of Am., N.A.*, 2021 U.S. Dist. LEXIS 253138 *17 (D.S.C. Sep. 23, 2021), report & recommendation adopted at 2022 U.S. Dist. LEXIS 24091 (D.S.C. Feb. 10, 2022). Because expert opinions are confined to questions of fact, Mr. Hollon's opinions on whether or not Chase had a permissible purpose to pull Plaintiff's consumer report should be excluded.

Similarly, Mr. Hollon opines that "Chase failed to follow the 2011 settlement agreement between itself and Plaintiff by, in October 2023, processing a loan or credit application, which included Chase wrongfully requesting credit reports from Experian and TransUnion …." *See* Exhibit "A," at page 4. "In Texas, interpretation of an unambiguous contract is a question of law," and "whether a contract contains an ambiguity is itself a question of law." *Conn Credit I, L.P. v. TF LoanCo, III, LLC*, 903 F.3d 493, 499 (5th Cir. 2018). Accordingly, any testimony by Mr. Hollon related to whether or not Chase breached the 2011 settlement agreement must be excluded.

> **C.    Mr. Hollon Lacks the Requisite Qualifications to Testify Regarding Chase's Procedures, Business Practices, or System Architecture Concerning Credit Applications and Credit Report Pulls.**

"A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999). In evaluating whether an expert is competent to opine on the matters at issue, the Court must determine "whether this particular expert ha[s] sufficient specialized

knowledge to assist the jurors in deciding the particular issues in this case." *Tanner v. Westbrook,* 174 F.3d 542, 548 (5th Cir. 1999) quoting *Kumho Tire Co., Ltd. V. Carmichael*, 526 U.S. 137, 156, 119 S.Ct. 1167, 143 L.Ed. 2d 238 (U.S. 1999).

Applying these well-settled principles, the record confirms that Mr. Hollon lacks the requisite qualifications to testify regarding Chase's internal procedures, business practices, or system architecture for processing credit applications and pulling consumer reports.  A large part of Mr. Hollon's expert opinion concerns the 2011 settlement agreement between Plaintiff and Chase and Chase's subsequent pulling of Plaintiff's credit in October of 2023 after receiving an application in Plaintiff's name. However, because Mr. Hollon has no banking experience, he is not qualified to opine on what the bank could or should have done after entering into the 2011 settlement agreement.  *See* Exhibit "B," Mr. Hollon's Curiculum Vitae, *and see* Exhibit "A," pages 2-3.

Although Mr. Hollon spent fourteen years employed by Experian Information Solutions, one of the nationwide consumer reporting agencies, his tenure there exclusively concerned the CRA side of the FCRA—namely, how Experian processes disputes, conducts reinvestigations, and defends litigation brought by consumers. *Id*.  During the subsequent five years in which he has served as a retained expert, his engagements have focused on the obligations and operations of credit reporting agencies. *Id*.  He has never been employed by or worked within a depository institution, credit-card issuer, or any entity that functions as an FCRA subscriber or furnisher, and more specifically has no experience with regard to processing applications and ordering credit reports in response to them. *Id*.

Because Mr. Hollon has no firsthand knowledge of subscriber or furnisher practices, he cannot reliably inform the jury about (1) the methods by which a bank secures and documents

consumer authorizations to obtain credit reports; (2) the manner in which a bank interprets, memorializes, and operationalizes settlement agreements entered with its customers; or (3) the internal controls, compliance infrastructure, and technological safeguards a bank designs to ensure adherence to such settlements. These topics reside squarely within the specialized domain of banking operations and risk management—areas in which Mr. Hollon has neither training nor experience. Permitting him to testify on these matters would therefore invite speculation rather than expert insight.

Accordingly, the Court should exclude any testimony from Mr. Hollon pertaining to Chase's credit-application workflows, its protocols for pulling consumer reports, or its post-settlement compliance mechanisms. His background, limited to the credit reporting agency perspective, does not supply the "specialized knowledge" necessary to aid the trier of fact in resolving the banking-specific issues presented in this case.

D. **Mr. Hollon's Testimony is Neither Reliable Nor Relevant.**

Under federal law, expert testimony must be both relevant and reliable to be admissible. Relevance requires that the expert evidence assist the trier of fact in understanding the evidence or determining a fact in issue. *Zebra Techs. Corp. v. Onasset Intel., Inc.*, 2025 U.S. Dist. LEXIS 162438 *5 (N.D. Tex. August 20, 2025) (citing *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244-45 (5th Cir. 2002)). Reliability demands that the testimony is grounded in the methods and procedures of science, not merely subjective belief or unsupported speculation. *Id. See Daubert*, 509 U.S. at 590. The expert must employ accepted methodologies within the relevant field, and the district court has broad discretion in assessing reliability. *See Zebra Techs. Corp.* at *5. The analysis is flexible and context-dependent, considering the nature of the issue, the expert's qualifications, and the subject matter. *Id*.

### 1. Mr. Hollon's Testimony is Not Reliable.

Mr. Hollon's expert testimony fails the reliability threshold required by federal law. He lacks experience from the perspective of a furnisher or subscriber of credit information, which is critical to understanding the specific records and procedures at issue in this case. His criticisms of the ACAPs document produced by Chase—such as the presence of blank entries and multiple income figures—demonstrate a fundamental misunderstanding of how these records are maintained and interpreted. *See* Exhibit "A," pages 17, 20-22. For example, Mr. Hollon finds it "very unusual" that there are blank fields and multiple income entries, yet Chase's corporate representative explained that many fields in ACAPs are obsolete and that the $99 billion figure is a placeholder, not a data point considered in credit decisions. *See* Exhibit "C," Excerpts from 30(b)(6) Witness, page 34, lines 20-23, page 35, lines 8-13, page 52, lines 1-10, page 56, lines 3-16, and page 61, lines 15-20. Furthermore, the apparent discrepancy between $19,500 and $234,000 is easily explained by the fact that $19,500 multiplied by twelve equals $234,000, indicating monthly and annual income, respectively—an inference that does not require specialized expertise. *See* Exhibit "A," page 22, *and see* Exhibit "C," page 24, lines 3-8, page 34, lines 2-5, and page 53, lines 2-11.

Mr. Hollon's conclusion that Chase's credit inquiries were "caused by an anomaly in Chase's system" is unsupported speculation. *See* Exhibit "A," page 22. He admits that he cannot identify any application for credit in October 2023, but this conclusion is based on his inability to interpret Chase's records, not on any scientific or technical analysis. *Id*. His assertion that the absence of a typical online application in XML or JSON format is significant is also unfounded, as he provides no basis for his claim that such formats are standard for all financial institutions, nor does he explain the provenance or relevance of his "sample" credit applications. *Id*. at pages

18-20. These deficiencies, which are similar to deficiencies in other expert reports by Mr. Hollon, render his opinions unreliable. *See e.g. Nelson v. Experian Info. Sols., Inc.*, 2024 U.S. Dist. LEXIS 114455 *6-8 (D.S.C. June 27, 2024) (District Court excluded Douglas Hollon's opinions regarding the reasonableness of Defendant's procedures to ensure maximum accuracy in credit reports. In so ruling, the Court noted that "Hollon does not articulate concrete factual materials or sources on which he bases his conclusion.").

### 2. Mr. Hollon's Testimony is Not Relevant.

In addition to being unreliable, Mr. Hollon's testimony is not relevant because it does not assist the trier of fact in understanding the evidence or determining a fact in issue. His lack of familiarity with Chase's systems and procedures or those of prospective creditors generally means that his opinions are based on misunderstandings and incorrect assumptions, rather than specialized knowledge that would aid the court. His criticisms of the ACAPs document and the format of credit application data does not address the actual processes used by Chase or the facts of this case. As a result, his testimony does not make any material fact more or less probable and therefore fails the relevance requirement.

In sum, Mr. Hollon's expert report should be excluded because it is neither reliable nor relevant under the applicable legal standards.

### III. CONCLUSION

Because Mr. Hollon's opinions are impermissible legal conclusions, he lacks the requisite qualifications to opine on Chase's banking practices, and his testimony is neither reliable nor relevant under the *Daubert* standard, his expert report should be excluded in its entirety.

Respectfully submitted,

By: */s/Aimee Szygenda*
    Gregg D. Stevens, SBN: 19182500
    gstevens@hinshawlaw.com
    Aimee Szygenda, SBN: 24027054
    aszygenda@hinshawlaw.com
    Helen Mosothoane, SBN: 24096191
    hmosothoane@hinshawlaw.com
    HINSHAW &CULBERTSON, LLP
    1717 Main Street, Suite 3625
    Dallas, Texas 75201
    Telephone: 945-229-6390
    Facsimile: 312-704-3001

***ATTORNEYS FOR DEFENDANT***
***JPMORGAN CHASE BANK, N.A.***

## CERTIFICATCE OF CONFERENCE

In compliance with Local Rule CV-7(h), I conferred with opposing counsel via telephone on September 15, 2025, and Plaintiff is opposed to the requested relief. No agreement can be reached because Plaintiff disagrees with Chase's position that some of Plaintiff's expert's opinions are legal conclusions, that Plaintiff's expert is not qualified, and that Plaintiff's expert's opinions are neither reliable nor relevant. The discussions between the parties have conclusively ended in an impasse, leaving an open issue for the court to resolve.

    */s/ Helen Mosothoane*
    Helen Mosothoane

**CERTIFICATE OF SERVICE**

      I hereby certify that on <u>September 16, 2025</u>, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing has been forwarded to all parties, by and through their attorneys of record, in accordance with Federal Rules of Civil Procedure.

                                                <u>*/s/ Aimee G. Szygenda*</u>
                                                Aimee G. Szygenda